### Ross *against* Lown.

In an action of trespass, *de bonis asportatis,* the venue had been changed, on the usual affidavit, of the defendant, from *Onondaga* county to *Saratoga,* where the trespass was committed ; and the plaintiff afterwards applied to bring back the venue to the county of *Onondaga,* on the ground that he had two or more material witnesses residing in that county ; but the court refused to grant the motion, unless the plaintiff would *stipulate* to give material evidence arising in the county of *Onondaga.*

THE *venue* in this cause was laid in *Onondaga* county, and at the last *May* term it was changed, on an affidavit of the defendant, that the cause of action arose in *Saratoga*, and not in *Onondaga* or elsewhere out of *Saratoga.* It was an action of *trespass* for taking away the plaintiff's goods and chattels. The taking was alleged, in the declaration, to have been at *Moreau*, in *Saratoga;* the defendant swore that he had four material witnesses resident in *Saratoga.*

The plaintiff now moved to bring back the *venue*, and his affidavit stated that there were two or more witnesses,

who will be material for him, residing in the county of Onondaga. His attorney stated that the notice to change the *venue*, for *May* term, came to his hands on *Saturday* before the commencement of *May* term, having been served on his agent at *Albany*, about eight days before; that he, on the *Monday* after he received the notice, procured the plaintiff's affidavit on which to resist the motion, and sent it to his agent in *New-York*, who did not receive it till some time in the second week. The rule for changing the *venue* had been then entered, so that the agent was prevented from opposing the motion. The affidavit then sent was substantially like the one now made, and on which the present motion was founded.

*Per Curiam.* In *Manning* v. *Downing*, (2 *Johns. Rep.* 453.) the rule on the subject of changing the *venue* was laid down, and the court said, that they had an equitable power over *venues*, and would exercise it, so as to promote the convenience of suitors and save expense to the parties; and that in actions arising on contracts, they would not permit the plaintiff, by a stipulation, to retain the *venue*, when the defendant would satisfy the court that he had witnesses material to his defence in a distant county; and, accordingly, in that case, the defendant having sworn that he had several witnesses residing in *Columbia*, material to his defence, the court required the plaintiff, in order to retain the *venue*, to satisfy them by affidavit, that he had material witnesses in *New-York*.

The present case is in trespass *de bonis asportatis*, and we have not, as yet, extended the rule laid down in *Manning* v. *Downing*, to such a case. By the practice of the king's bench, on the present affidavit, the defendant would be entitled to change the *venue*, unless the plaintiff stipulated to give material evidence, arising in *Onondaga*; and without such stipulation, the *venue* ought to be retained where it now is, in *Saratoga*. The place where the goods were taken, must, in all probability, be the place where the witnesses reside, and in that county

the trial ought to be; not on the exploded notion for the purpose of having the cause tried by a jury of the vicinage, but because the convenience of the parties will be promoted by it, and there will be a saving of expense, in regard to witnesses.

Unless, therefore, the plaintiff will stipulate to give material evidence arising in *Onondaga*, the motion to carry back the *venue* to that county must be denied.